28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard DAVIS, Defendant-Appellant.
 No. 93-5596.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 17, 1994.
Decided: June 21, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-92-524)
 James Robert Mann, Greenville, South Carolina, for Appellant.
 David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 D.S.C.
 REMANDED.
 Before WILKINS and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Howard Davis entered a guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine in violation of 21 U.S.C.A. Secs. 841(a)(1), 846 (West 1981 & Supp.1994), and for using a firearm during a drug trafficking crime in violation of 18 U.S.C.A. Sec. 924(c) (West 1976 & Supp.1994). The court entered its judgment and commitment order on July 6, 1993. On August 2, 1993, the district court received and entered Davis' notice of appeal dated the same date.* The district court granted no extension of time to appeal, nor did Davis request an extension of time or make a showing of excusable neglect to explain why he did not attempt to file his notice of appeal until August 2, 1993.
 
 
 2
 In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect. Fed. R.App. P. 4(b); see United States v. Reyes, 759 F.2d 351, 353 (4th Cir.), cert. denied, 474 U.S. 857 (1985). If a defendant files his notice of appeal outside the tenday appeal period, but within the thirty-day extension period, the district court must make factual findings concerning whether there was excusable neglect which warrants an extension of the ten-day appeal period. Id.
 
 
 3
 Davis filed his notice of appeal twenty-seven days after the district court entered its judgment and commitment order. While this filing was after the ten-day limit, it was within the thirty-day extension period applicable upon a showing of excusable neglect. Because Davis filed his notice of appeal outside the ten-day appeal period, but within the thirty-day extension period, and because the district court made no finding as to excusable neglect, we remand this case to the district court with instructions to make factual findings concerning whether there was excusable neglect which warrants an extension of the ten-day appeal period. Id.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REMANDED WITH INSTRUCTIONS
 
 
 *
 Davis' attorney submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues at Davis' request. Davis has also filed a supplemental pro se brief raising additional issues